SAMUEL J. LIDOV, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. GLADYS R. LIDOV, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36022, 36023.  Promulgated July 25, 1929.

*J. G. Korner, Jr., Esq.,* and *Maurice T. Weinshenk, Esq.,* for the petitioners.

*C. H. Curl, Esq.,* for the respondent.

OPINION.

SIEFKIN: The petitioners contend that the instrument set forth in our findings of fact created a partnership consisting of themselves and their two children.

At 30 Cyc. 349 there is this statement with regard to partnerships:

The definition of a partnership which seems to be most accurate and comprehensive is that of Chancellor Kent, as follows: "A contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions.

At page 357 of the same volume it is stated:

The mutual assent, required of parties to every enforceable contract, is necessary to the formation of a partnership. * * *

The above quotations are amply supported by authority.

The children were of tender years at the time the instrument in question was executed and were not parties to it. They were too young to be competent parties to a contract of partnership, one being eight and the other four. We are forced to the conclusion that no partnership existed.

The cases cited by the petitioners are distinguishable from the instant case in that in those cases the agreements were entered into by all of the parties alleged to be partners. We turn then to a consideration of whether the instrument in question created a trust in favor of the children.

At 39 Cyc. 57 there is this statement:

While it is essential to the creation of a trust that there be an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created, no formal, technical, or particular words are necessary, but it is sufficient if an intention to create a trust and the subject-matter, purpose, and beneficiary are stated with reasonable certainty.

The above quotation is amply supported by authority.

It is our view of the instrument (and this view is reinforced by the testimony of the petitioners and the nature of the business conducted by them), that it was no more than an attempted assignment of future income. The children were of tender years and did not and could not contribute services of value during the years in question. No profits could be distributed until earned, and, since we have held that the petitioners were the only partners, those profits when earned, inured to them, and them only. That they agreed to hold a portion for the children does not constitute such portion nontaxable to the petitioners. The situation is similar to that considered in *Ormsby McKnight Mitchel*, 1 B. T. A. 143, and *Mitchel* v. *Bowers*, 9 Fed. (2d) 414; 15 Fed. (2d) 287; 273 U. S. 759. We conclude that the respondent's action was proper.

*Judgment will be entered for the respondent.*